## THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL H. STONE, Appellant.

*Perjury — a conviction cannot be had upon the uncorroborated testimony of one witness.*

The defendant was indicted, tried and convicted of the offense of perjury, in having falsely sworn, in an action in the Supreme Court, that he had paid to one Booraem certain moneys which he had received for her. The only direct evidence of the non-payment of the money was the testimony of Booraem. Upon the trial of the indictment evidence was given tending to show that certain receipts produced by the defendant, upon the trial of the former action, which purported to be signed by Booraem, were not signed by her, but were forgeries.

*Held*, that this evidence did not so directly corroborate the direct testimony of Booraem as to the commission of the offense charged in the indictment, as to justify the conviction of the defendant.

Appeal from a judgment of the Court of Sessions of Queens county, convicting the defendant of the crime of perjury.

The offense was alleged to have been committed in an action brought in the Supreme Court by Candace E. V. B. Booraem against the defendant, an attorney, to recover money alleged to have been received by him, as her attorney, in an action to foreclose a mortgage, and to have him compelled to convey certain premises to her.

Upon the trial of this action the defendant testified that he had paid the money received by him to Mrs. Booraem, and produced what purported to be receipts therefor, signed by her. He was indicted for having falsely sworn that he had paid the money to her.

*Horace Graves*, for the appellant.

*Benjamin W. Downey* and *Chauncey Shaffer*, for the people.

Dykman, J.:

It is an ancient and salutary rule of law that a conviction for the crime of willful and corrupt perjury cannot be secured and sustained on the uncorroborated testimony of one witness. The underlying principle of this rule is that if there be but one witness to prove the allegation of falsity, then oath is placed against oath and

it remains doubtful where the truth lies, the oath of the accused which is alleged to be false being sufficient to counterpoise the testimony of a single witness. Formerly the testimony of two witnesses was requisite to a conviction, but that rule has been relaxed. Now what is required is evidence sufficient to counterbalance the oath of the defendant, and the legal presumption of his innocence. The testimony of the single witness for the prosecution must be corroborated by material and independent facts or circumstances sufficient to destroy the equilibrium produced by the two oaths.

Tested by these fundamental and material rules the testimony in this case is insufficient to sustain the conviction of the defendant.

The perjury set up in the indictment is false swearing to the payment of money to Mrs. Booraem, and she testified to its falsity. There was much testimony adduced on the trial respecting a receipt which Stone had produced on the main trial, but he is not indicted for false swearing in reference to the receipt or the signature it wears. That testimony is not therefore corroborative for the prosecution here. If all the exhibits produced by the defendant on the trial were forged it is quite immaterial here. The only question here is whether the defendant committed willful and corrupt perjury when he swore on the trial at Special Term that he had paid Mrs. Booraem the money. The indictment contains no charge that Stone testified in any way respecting the signatures to the two receipts. The allegations are that the receipts were false and forged and that the defendant produced them, but the indictment is for perjury in making a false oath that he had paid money and not for swearing that the receipts were genuine.

The accused was therefore called on to answer the charge of perjury contained in the indictment, and the public prosecutor was called on for proof of that offense, and when he produced one single witness to prove that the money had not been paid, he had taken but one step towards the conviction of the defendant. He had then produced an equilibrium which he was required to destroy, and that destruction could not be accomplished by proof that the defendant had committed the crime of perjury without proof of material and independent facts or circumstances tending directly to corroborate the testimony of the main and only witness; on the question of payment he could not require a conviction.

The argument for the prosecution seems to be that because Stone testified to the payment of the money and produced in corroboration of his testimony a receipt which is shown to be false and fabricated, that makes against his testimony and is sufficient confirmation of the single witness to justify the conviction. But does that prove any more than the failure of the receipt to corroborate the testimony of Stone? If that be all then it does not assist the prosecution. What the law required was confirmation of the single witness. If Stone provided fabricated receipts they may fail to support him but they fail also to corroborate the testimony of the people.

On the whole testimony the conclusion is reached that there was not sufficient confirmatory proof in corroboration of the single witness to justify the conviction.

The judgment of conviction should be reversed.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Conviction and judgment reversed.